# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
|       Plaintiff, ) | Case No. 2:10-cr-00091-KJD-GWF |
| vs. ) | **ORDER** |
| BARBARA JEAN DENNIS, ) | |
|       Defendant. ) | |

This matter is before the Court on Defendant's Motion to Remove Surplusage from Indictment (#123), filed on November 3, 2015. This matter is also before the Court on Defendant's Motion for a Bill of Particulars (#127), filed on November 4, 2015. This matter is also before the Court on Defendant's Motion to Remove Surplusage from Indictment (#130), filed on November 4, 2015. The Court finds that it is unnecessary to await full briefing on these motions prior to decision.

### I.     Motion to Remove Surplusage (#124)

Defendant is awaiting trial for Wire Fraud in violation of 18 U.S.C. § 1343 and Bankruptcy Fraud in violation of 18 U.S.C. § 157(1). The Superseding Indictment (#6) alleges that Defendant used fraudulent mortgage applications to receive kickbacks from the sale of rental properties and that Defendant filed for bankruptcy in an effort to prevent her properties from being foreclosed upon. Defendant's trial is set for December 14, 2015.

Defendant moves to strike surplusage from the criminal indictment. Specifically, Defendant wishes to strike paragraphs 6-8, 10-13, 15-18, 20-23, and 25-28 of the indictment that deal with bankruptcy fraud. Defendant argues that the language in those paragraphs is irrelevant because it describes non-criminal activity. Defendant also argues that the paragraphs are inflammatory and prejudicial because they contain allegations of other crimes, wrong doing, or bad

acts.

Pursuant to Rule 7, an indictment "must be a plain, concise, and definite written statement of the essential facts constituting the offense charged... ." Fed. R. Crim. P. 7.  FRCP 7(d) provides that "[u]pon the defendant's motion, the court may strike surplusage from the indictment or information."  "The purpose of a motion to strike under Fed. R. Crim. P. 7(d) is to protect a defendant against 'prejudicial or inflammatory allegations that are neither relevant nor material to the charges.' " *United States v. Terrigno*, 838 F.2d 371 (9th Cir.1988) quoting *United States v. Ramirez*, 710 F.2d 535, 544–45 (9th Cir.1983).  However, while facts in the indictment "may be somewhat prejudicial," they should not be stricken if they are "relevant and material to the charge[d]" offenses. *Terrigno*, 838 F.2d at 373.  Further, "if language in the indictment constitutes information that the government hopes to properly prove at trial, it cannot be considered surplusage no matter how prejudicial it may be as long as the information is legally relevant." *United States v. Gerlay*, 2009 WL 3872143 at *1 (D.Alaska, 2009).

The Court finds that the information contained in paragraphs 6-8, 10-13, 15-18, 20-23, and 25-28 is relevant.  The information contained in those paragraphs details the allegedly fraudulent actions taken by Defendant in the bankruptcy proceedings.  The alleged facts listed go to the elements of bankruptcy fraud, and are legally relevant to the allegations of bankruptcy fraud.  These paragraphs contain the "essential facts" required by FRCP 7(c)(1).  The Court will therefore deny Defendant's Motion to Strike Surplusage (#124).

**II.    Motion for a Bill of Particulars (#127)**

Defendant moves this Court to order a Bill of Particulars be provided.  "The bill of particulars has three functions: 'to inform the defendant of the nature of the charge against him with sufficient precision to enable him to prepare for trial, to avoid or minimize the danger of surprise at the time of trial, and to enable him to plead his acquittal or conviction in bar of another prosecution for the same offense when the indictment is itself too vague, and indefinite for such purposes.'" *United States v. Giese*, 597 F.2d 1170, 1180 (9th Cir. 1979), *cert. denied,* 444 U.S. 979, 100 S.Ct. 480 (1979), quoting *United States v. Birmley*, 529 F.2d 103, 108 (6th Cir. 1976).  "The granting or refusal to grant the bill of particulars is a matter within the sound discretion of the trial court."

*Yeargain v. United States,* 314 F.2d 881, 882 (9th Cir. 1963) citing *Wong Tai v. United States*, 273 U.S. 77, 82 (1927).

Defendant argues that, once surplusage is removed, the indictment will not offer any information on the charges she is accused of. As discussed above, the Court will not strike any information from the indictment, because it is relevant and material to the charges in this matter. Defendant offers no other arguments in support of her request for a bill of particulars, and the Court finds that indictment sufficiently informs Defendant of the allegations against her. The Court will therefore deny Defendant's Motion for a Bill of Particulars (#127)

### III. Motion to Remove Surplusage (#130)

Defendant's Motion to Remove Surplusage (#130) appears to be identical to Defendant's Motion to Remove Surplusage (#124). The second motion is therefore also denied. Accordingly,

**IT IS HEREBY ORDERED** that Defendant's Motion to Remove Surplusage (#124) is **denied**.

**IT IS FURTHER ORDERED** that Defendant's Motion for a Bill of Particulars (#127) is **denied**.

**IT IS FURTHER ORDERED** that Defendant's Motion to Remove Surplusage (#130) is **denied**.

**DATED** this 12th day of November, 2015.

_____
GEORGE FOLEY, JR.
United States Magistrate Judge