# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | Case No. 2:10-CR-00091-KJD-GWF |
| v. | **ORDER** |
| BARBARA JEAN DENNIS, | |
| Defendant. | |

Presently, before the Court is Plaintiff's Motion to Amend Superseding Indictment to Correct Typographical Error (# 216).

Relying on United States v. Neill, 166 F.3d 943, 947 (9th Cir. 1999), cert. denied, 526 U.S. 1153 (1999), Plaintiff seeks an order amending the Superseding Indictment (#6) to correct the following typographical error for the reasons stated herein:

1. "Prestige Travel" to "Premier Destinations" on page 2, line 14 of the Superseding Indictment. The indictment alleges that the defendant "created materially false and fraudulent documents, including IRS Form W-2s, pay stubs and employment verifications from a company she controlled, Prestige Travel, in support of the false statements contained in the loan applications." The Superseding Indictment should read "Premier Destinations." The defendant, who was the Resident Agent of Premier Destinations, was notified of the error and the correct company name through the discovery. All of the discovery in connection with the fraudulent loan applications, including the false and fraudulent Form W-2s, pay stubs and employment verifications were from Premier Destinations, not Prestige Travel.

Plaintiff contends correcting the errors will not prejudice Defendant because the correct information was disclosed to her in discovery. Accordingly, Plaintiff requests that the Superseding Indictment be amended as follows:

    1. At page 2, line 14 of the Indictment, the company should be identified as Premier Destinations.

The purpose of an indictment is to give a defendant notice of the charge so she can defend her case adequately. See Neill, 166 F.3d at 947 (citing United States v. James, 980 F.2d 1314, 1316 (9th Cir.1992), cert. denied, 510 U.S. 838 (1993)). An indictment is sufficient if it contains the elements of the offense charged and fairly informs the defendant of the charge against which she must defend and enables the defendant to invoke her right against double jeopardy in future proceedings. See United States v. Hill, 279 F.3d 731, 741 (9th Cir.2002) (citing Hamling v. United States, 418 U.S. 87 (1974)). See also Russell v. United States, 369 U.S. 749, 763–764 (1962); Fed.R.Crim.P. 7(c). Generally, when an indictment fails to list each element of a charged offense, it is a "fatal defect." Id. (internal citation omitted); United States v. Du Bo, 186 F.3d 1177, 1180 (9th Cir.1999). A minor or technical deficiency, however, will not result in reversal of a conviction unless the defendant was prejudiced by the error. Id. (internal citation omitted). Amendment of an indictment to correct a typographical error is appropriate so long as the error did not prejudice the defendant. United States v. Lim, 984 F.2d 331, 337 (9th Cir.1993) (no error in amending indictment where defendant not prejudiced by typographical error in charging statute and was not misled by the error).

In Neill, for example, the indictment charged defendant with bank robbery at Wells Fargo Bank and the Bank of Salem. 166 F.3d at 947–8. Count two, which related to the Bank of Salem robbery allegations, incorrectly alleged that the money was in the "care, custody, control and management of Wells Fargo Bank" instead of in the care, custody, control, and management of the Bank of Salem. Id. at 948. The error went unrecognized by the government, the defendant, and the trial court until after the case was submitted to the jury, at which point, the jury inquired whether Wells Fargo Bank owned the Bank of Salem. Id. The district court granted the government's motion

to amend the indictment. Id. at 947. The Ninth Circuit found that although the error related to an element of the charged offense, the defendant suffered no prejudice by amending the indictment. Id. at 948 (recognizing the Ninth Circuit previously allowed an indictment to be amended where the change related to an element of the charged offense); see, e.g., United States v. Coleman, 656 F.2d 511 (9th Cir.1981) (holding citation to 18 U.S.C. § 2113(a) cured indictment's failure to allege that bank robbed was federally insured).

Here, the indictment complies with the requirements of Rule 7(c) of the Federal Rules of Criminal Procedure and is legally sufficient.  It states the elements of the offenses charged with sufficient clarity.  It adequately apprises Defendant of the charges against her such that she is on notice of the charges and may prepare an adequate defense. Although there were typographical errors, Plaintiff provided correct information to Defendant in discovery. Additionally, Defendant has not opposed the Motion or asserted that she is prejudiced by the typographical errors.

Accordingly, IT IS HEREBY ORDERED that Plaintiff's Motion to Amend Superseding Indictment to Correct Typographical Error (#216) entered February 10, 2016, is **GRANTED.**

DATED this 16th day of February, 2016.

Kent J. Dawson
United States District Judge