# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

UNITED STATES OF AMERICA,

     Plaintiff,

v.

BARBARA JEAN DENNIS,

     Defendant.

Case No. 2:10-CR-00091-KJD-GWF

**ORDER**

Presently before the Court is Defendant's Second Motion to Disqualify Trial (District) Judge Kent J. Dawson (#338).

**Applicable Law**

Defendant's Motion is predicated on 28 U.S.C. §§ 455(b)(1) and 144. Although the substantive test for recusal based on bias or prejudice is identical in Sections 144 and 455, the procedural requirements of the two sections are different.  United States v. Sibla, 624 F.2d 864, 867–68 (9th Cir. 1980).  Section 144 expressly conditions relief upon the filing of a timely and legally sufficient affidavit.  If the judge to whom a timely motion is directed determines that the accompanying affidavit specifically alleges facts stating grounds for recusal under Section 144, the legal sufficiency of the affidavit has been established, and the motion must be referred to another judge for a determination of its merits.  United States v. Azhocar, 581 F.2d 735, 738-40 (9th Cir. 1978).

Section 455, on the other hand, sets forth no procedural requirements. That section is directed to the judge, rather than the parties, and is self-enforcing on the part of the judge.  Sibla at 868. "Section 455 clearly contemplates that decisions with respect to disqualification should be made by

1   the judge sitting in the case, and not by another judge. It requires the judge to disqualify himself

2   when any one of the statutory conditions is met. It makes no provision for the transfer of the issue to

3   another judge." United States v. Balistrieri, 779 F.2d 1191, 1202–03 (7th Cir.1985). See also Schurz

4   Communications, Inc. v. FCC, 982 F.2d 1057, 1059, 1062 (7th Cir.1992) (chambers opinion)

5   (Circuit Judge Posner considered and denied a request for his disqualification pursuant to section

6   455). However, if the judge sitting on a case is aware of grounds for recusal under Section 455, that

7   judge has a duty to recuse himself or herself. Sibla at 868.

8        It is apparent that the two sections are not redundant but are complementary, even when the

9   only ground for recusal alleged is bias or prejudice, as is the case here.  A party desiring referral to a

10   second judge upon a determination of legal sufficiency may invoke the provisions of Section 144 by

11   filing a motion under that section accompanied by a timely and sufficient affidavit.  Such a motion

12   should also prompt the judge to whom the motion is directed to determine independently whether all

13   the circumstances call for recusal under the self-enforcing provisions of Section 455(a) & (b)(1), a

14   matter which rests within the sound discretion of the judge, United States v. Schreiber, 599 F.2d 534,

15   536 (3d Cir.). Thus, Section 455 modifies Section 144 in requiring the judge to go beyond the

16   Section 144 affidavit and consider the merits of the motion pursuant to section 455(a) & (b)(1).  If,

17   after considering all the circumstances, the judge declines to grant recusal pursuant to Section 455(a)

18   & (b)(1), the judge still must determine the legal sufficiency of the affidavit filed pursuant to Section

19   144. If that affidavit is sufficient on its face, the motion must be referred to another judge for a

20   determination of its merits under Section 144. Sibla at 868.

21        According to Section 144, a legally sufficient affidavit shall "state the facts and the reasons

22   for the belief that bias or prejudice exists."  Towbin Dodge, LLC v. Eighth Judicial Dist. Court of

23   State ex rel. Cty. of Clark, 121 Nev. 251, 259 (2005).  The affidavit  is timely if it is filed not less

24   than ten days before the beginning of the term at which the proceeding is to be heard, or good cause

25   shall be shown for failure to file it within such time. Id.

26

2

**The Affidavit**

The Court has considered the merits of Defendant's Motion pursuant to Section 455(b)(1), and finds that while the Motion states reasons for her belief that bias or prejudice exists, Defendant's reasons are conclusions devoid of fact allegations tending to show personal bias stemming from an extrajudicial source.  The motion should allege facts demonstrating that "the judge's impartiality might reasonably be questioned," which Defendant's Motion fails to do. Id.  Further, considering the legal sufficiency of the Affidavit pursuant to 144, the Court finds that Defendant's Affidavit was filed with this Court on September 12, 2016. Defendant's Sentencing Hearing is scheduled for September 20, 2016. Only eight (8) days separate these two dates.  Thus, Defendant's affidavit is untimely and legally insufficient pursuant to Section 144.  Accordingly, Defendant's motion for disqualification is denied.


**IT IS THEREFORE ORDERED** that Second Motion to Disqualify Trial (District) Judge Kent J. Dawson (#338) is **DENIED**.


**IT IS SO ORDERED**.

DATED this 14 day of September 2016.

Kent J. Dawson
United States District Judge

3